E-FILED
Thursday, 26 May, 2005 09:27:10 AM
Clerk, U.S. District Court, ILCD
E-FILED
Friday, 20 May, 2005 09:35:09 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## IN AND FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case Number: 05-6414M |
| Plaintiff, | ) | |
| vs. | ) | ORDER ON GOVERNMENT'S |
| | ) | MOTION FOR DETENTION |
| DAVID M. DRISKEL and MELISSA | ) | |
| PAYNE a/k/a MELISSA MATYE, | ) | |
| Defendants. | ) | |

**FILED**
MAY 2 0 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

The Court conducted a hearing on May 17, 2005, at the United States Courthouse, Rock Island, Illinois, upon the United States of America's motion to detain Defendants David M. Driskel, Driskel, and Melissa Payne a/k/a Melissa Matye, Matye, pursuant to 18 U.S.C. § 3142 (f).

Driskel and Matye are charged by Criminal Complaint with the possession of 773 pounds of marijuana. Their arrest occurred on April 13, 2005, in Henry County, Illinois, while the two were traveling in a motor home operated by Driskel, and owned by his employer, Metro Development, Las Vegas, Nevada.

Both defendants have been detained at the Henry County Jail, Cambridge, Illinois, since their arrest on April 13, 2005. Subsequent to the filing of the Criminal Complaint in this case, their custody was transferred to the United States Marshal Service.

Driskel and Matye have maintained a personal relationship over a number of years. Driskel ostensibly lives in Las Vegas, Nevada; Matye has been living in Fort Myers, Florida. Apparently Matye, at the request of Driskel, traveled by airplane from Florida to Utah, at



DEFENDANT'S EXHIBIT 1

Driskel's expense, where the two of them began the eastward trip in the motor home, and which resulted in their arrest.

The government argues that both Driskel and Matye have failed to rebut the dual presumptions of risk of harm or danger to the community, and risk of flight to avoid prosecution. It is the government's contention that because of the quantity of marijuana found in the motor home, and admissions made by each of the defendants during a post-arrest interview, following waiver of Miranda rights, he is a risk to flee, and is a danger to the community. Driskel argues that the fact that marijuana was involved is a determining factor. Driskel urges that the Court release him to the third-party custody of his parents, Kenneth and Barbara Ainge, who reside in Springville, Utah. His position is that he could live with his parents, continue working, and obtain treatment for a kidney stone condition, which is currently active.

His attorney, David Blegen, argues that given the prior criminal history for Driskel, coupled with the nature of the charges, his potential sentence if he is convicted in this case, does not support contentions that he would flee to avoid prosecution.

Matye's arguments in support of her release center on her desire to be allowed to participate in an in-patient substance abuse treatment program at the Robert Young Center, Rock Island, Illinois, which lasts up to 21 days. Upon completion of that program, she would be returned to Court for a further determination as to what conditions or combination of conditions the Court could impose that would allow her to remain free on bond.

The Court grants the government's motions for detention as to both Driskel and Matye. The reasons for the Court's decision are set forth below separately as to each defendant:

In the case of Driskel, the Court does not believe that the mere suggestion that his parents would be third-party custodians is sufficient to rebut the presumption of risk of harm or danger to the community. The Court has some question about the issue of risk of flight. Driskel's history over the last several years spans periods of residence in California, Nevada and Florida. He has also spent time in St. Croix, British Virgin Islands.

Defendant has no contact at all with this district, other than the happenstance that he was arrested here. Thus, any release of the defendant would be dependent upon his undergoing supervision in another district. Further, defendant's employment history is inconsequential at best. His employer has indicated that his current job, whatever that might be, remains available if he is released on bond. Prior to this job, he apparently installed rain gutters on buildings in both Florida and California.

Defendant is 36 years old. He has been living on his own for quite some time. The Court is not convinced, under these circumstances, that simply placing him in a third-party custodial situation by itself rebuts the presumption of risk or harm or danger to the community.

Further, because of defendant's wide-ranging residences across the county, a risk of flight is more than a remote possibility. Again, a third-party custodial arrangement with defendant's parents does not at all ensure that there would be no risk.

Matye's situation is not substantially different from that of Driskel as it relates to her history of movement within the country. She has lived in California, where apparently she has a pending warrant on an assault charge, and where her husband and child still reside. She and Co-Defendant Driskel lived together in Fort Myers, Florida, and began their relationship in 2002, in California, when Matye left her husband and child.

It is Matye's contention that she should be given the opportunity to become involved in an in-patient substance abuse treatment program now, because this is the first opportunity she has had to address her documented addictions. A biopsychosocial assessment was performed by the Robert Young Center on May 11, 2005, while Matye was in detention at the Henry County Jail. In that assessment, Matye reported a long history of drug use beginning at the age of 13, when she began using marijuana and LSD, evolving into methamphetamine usage at age 14, abuse of prescription medications at the ages of 14 and 16, along with nitrous oxide use, finally resulting in use of crack and/or cocaine by the age of 20. Her drug use continues to the present, and is coupled with excessive alcohol consumption.

The initial evaluation or diagnoses made by the Robert Young Center indicate alcohol dependence; marijuana dependence; amphetamine dependence; sedative, opioid, cocaine and inhalant abuse.

The assessment that was performed documents the fact that Matye needs assistance. The Court is not convinced, however, that this is the first opportunity she has had to address these problems. Certainly, this is a convenient time for her to request such treatment, but the timing of the request is not persuasive to the Court.

The probation officer, at the request of the Court, has determined that there is no readily available space at the Riverside Treatment Facility affiliated with the Robert Young Center. Regardless, that is not a secure facility. The Court has no guarantee as to an ongoing supervision of Matye if she is placed in that program, and the suggestion that the Court could order a warrant issued if she failed to remain in the program is really too little too late.

Matye, likewise, has no connection to this community. She too has a long history of movement within this country, and her most recent occupations, which have placed her in a position of risk for the very types of problems that she presents, does not give the Court any real alternative in that regard.

Arguments have been made on behalf of Matye that her involvement in this entire matter is perhaps peripheral at best. That fact is of little consequence to the Court now, since pursuant to 18 U.S.C. § 3142(j), the Court presumes the innocence of both defendants in this case.

Given Matye's history of drug abuse, the Court is satisfied that she poses a risk of harm, not only to herself, but also to the community, and she does pose a risk of flight to avoid prosecution.

Her professed minimal involvement in this entire scheme is belied by the fact that after living in Florida with her mother and step-father for approximately 10 days, she left there solely for the purposes of meeting Driskel in Utah, and traveling with him in the motor home in which they were stopped in this district.

The Court is satisfied that neither Driskel nor Matye have rebutted the presumptions of risk of harm or danger to the community and/or risk of flight to avoid prosecution, and under the current state of the record, the Court does not believe there is a combination of conditions that it can impose that would remove either of those presumptive risks effectively.

IT IS SO ORDERED.

Dated this 20th day of May, 2005.

                                          S/Thomas J. Shields
                                    THOMAS J. SHIELDS
                                    UNITED STATES MAGISTRATE JUDGE

E-FILED
Monday, 23 May, 2005 10:31:40 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

**FILED**

MAY 2 0 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID MICHAEL DRISKEL, JR., and )<br>MELISSA MATYE, a/k/a MELISSA PAYNE, )<br>)<br>Defendants. ) | Criminal No. 05- 40055<br><br>VIO: Title 21, United States Code,<br>Sections 841(a)(1), 841(b)(1)(B)<br>and 846, and Title 18, United States<br>Code, Section 1952. |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
### (CONSPIRACY TO DISTRIBUTE MARIJUANA)

From at least February 2005, and continuing until on or about April 13, 2005, in Henry County, in the Central District of Illinois, and elsewhere, the defendant,

**DAVID MICHAEL DRISKEL, JR.,**

did conspire with persons known and unknown to the Grand Jury to commit an offense under Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), that is, to knowingly and intentionally distribute and possess with intent to distribute 100 kilograms or more of a mixture and substance containing a detectible amount of marijuana, all in violation of Title 21, United States Code, Section 846.



DEFENDANT'S EXHIBIT 2

## COUNT TWO
### (POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA)

On or about April 13, 2005, in Henry County, in the Central District of Illinois, and elsewhere, the defendant,

**DAVID MICHAEL DRISKEL, JR.,**

did knowingly and intentionally possess with intent to distribute 100 kilograms or more of a mixture and substance containing a detectible amount of marijuana, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT THREE
### (INTERSTATE TRAVEL IN AID OF CONTROLLED SUBSTANCE OFFENSE)

On or about April 13, 2005, in Henry County, in the Central District of Illinois, and elsewhere, the defendant,

**MELISSA MATYE, a/k/a MELISSA PAYNE,**

did knowingly and intentionally travel in interstate commerce, with intent to promote the carrying on of an unlawful activity, namely, a controlled substance offense under Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) as charged in Count Two of this Indictment, and did thereafter perform an act to promote the carrying on of said unlawful activity, that is, accompanying David Michael Driskell, Jr., the defendant named in Count Two, as he drove a motor home with approximately 773 pounds of marijuana concealed therein, all in violation of Title 18, United States Code, Section 1952.

**A TRUE BILL**

s/Foreperson
**FOREPERSON**

s/K. Tate Chambers
JAN PAUL MILLER
UNITED STATES ATTORNEY
JBL

- 2 -