E-FILED
Wednesday, 29 June, 2005  10:27:55 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 05-40055 |
| ) | |
| MELISSA MATYE, a/k/a ) | |
| MELISSA PAYNE, et al., ) | Hearing Requested |
| ) | |
| Defendants. ) | |

MOTION TO DISMISS COUNT 3 OF INDICTMENT

Now comes the Defendant, MELISSA MATYE, a/k/a MELISSA PAYNE, by her attorney, and pursuant to Rule 12(b)(3), Fed.R.Crim.P., moves this Court for the entry of an Order dismissing Count 3 of the Indictment on the ground that said count fails to state an offense, and in support thereof, states as follows:

1. That the Defendant is charged in Count 3 of the indictment with the offense of interstate travel in aid of a controlled substance offense in violation of Title 18 U.S.C. § 1952.

2. Specifically, Count 3 alleges that "on or about April 13, 2005, in Henry County, Illinois, the defendant, Melissa Matye, a/k/a Melissa Payne, did knowingly and intentionally travel in interstate commerce, with intent to promote the carrying on of an unlawful activity, namely, a controlled substance offense under Title 21,

1

United States Code, Sections 841(a)(1) and 841(b)(1)(B) as charged in Count Two of this Indictment, *and did thereafter perform an act to promote the carrying on of said unlawful activity, that is, accompanying David Michael Driskell, Jr., the defendant named in Count Two, as he drove a motor home with approximately 773 pounds of marijuana concealed therein*, all in violation of Title 18, United States Code, Section 1952." (emphasis added).

   3.   That to sustain the charge of interstate travel in aid of a controlled substance offense, the Government must prove the following propositions:

   a.   that the defendant traveled or caused another to travel in interstate commerce;

   b.   that the defendant did so with the intent to promote the carrying on of a controlled substance offense; and

   c.   thereafter, the defendant did perform an act to promote the carrying on of a controlled substance offense.

*United States v. Xiong*, 262 F.3d 672, 676 (7th Cir. 2001); *United States v. Stott*, 245 F.3d 890, 909 (7th Cir. 2001); Seventh Circuit Pattern Jury Instructions, Title 18 U.S.C. § 1952.

   4.   That Count 3 of the Indictment fails to state an offense under Title 18 U.S.C. § 1952 against this defendant, because one cannot be guilty of "promoting" the carrying on of a controlled substance offense merely by "accompanying" another

in the commission of a controlled substance offense. *United States v. Heath*, 188 F.3d 916, 922 (7th Cir. 1999)("It is not unlawful to be in the company of another"); *United States v. Williams*, 341 U.S. 58, 65, 71 S.Ct. 595, 95 L.Ed.2d 747 (1951)("To be present at a crime is not evidence of guilt as an aider or abettor"); *United States v. Teffera*, 985 F.2d 1082, (D.C.Cir. 1993)("It is not a crime simply to travel, even knowingly, with someone who is carrying drugs; to be liable for the substantive offense, one must actively seek to aid or assist the person in possessing the drugs."); *United States v. Washington*, 12 F.3d 1128, 1136 (D.C.Cir. 1994)(accord); *United States v. Stanchich*, 550 F.2d 1294, 1300 (2nd Cir. 1977)(Friendly, J.)("Mere negative acquiescence in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture"); *United States v. Leonard*, 138 F.3d 906, 909-910 (11th Cir. 1998)("While it is unwise, merely sharing a vehicle in which one knows cocaine and a gun are hidden does not amount to possession or aiding or abetting their possession"); *United States v. Carter*, 14 F.3d 1150 (6th Cir. 1994)("merely riding in a car, even with knowledge of the prsence of illegal drugs, is not enough to establish a conspiracy"); *United States v. Sanchez-Mata*, 925 F.2d 1166, (9th Cir. 1991)(defendant's conviction reversed where defendant was passenger in car containing 141 pounds of marijuana in the trunk; no evidence that defendant had dominion or control over marijuana in trunk, defendant did not have key to trunk or car, defendant was not driving car, and

defendant did not own the car).

5.    Seventh Circuit precedent clearly holds that "a defendant's presence at the scene of a crime and knowledge that a crime is being committed is not alone sufficient to establish the defendant's guilt." Seventh Circuit Pattern Jury Instruction No. 5.11. Moreover, "a defendant's association with persons involved in a criminal enterprise is not by itself sufficient to prove her participation or membership in a criminal enterprise." *Id*.

6.    Based upon the foregoing, this Defendant's alleged act of merely "accompanying" her co-defendant as he drove a motor home with approximately 773 pounds of marijuana concealed therein does not state an offense under Title 18 U.S.C. § 1952 as is alleged against this defendant in Count 3 of the Indictment.

WHEREFORE, Defendant requests the entry of an Order dismissing Count 3 of the Indictment for failing to state an offense.

            MELISSA MATYE, a/k/a

            MELISSA PAYNE, Defendant

            /s/George F. Taseff
            Ill. Bar Number: 6180419
            Attorney for Defendant
            Assistant Federal Public Defender
            401 Main Street, Suite 1500
            Peoria, Illinois 61602
            Phone: 309/671-7891
            FAX:   309/671-7898
            Email: george_taseff@fd.org

CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. Jeffrey B. Lang, Assistant United States Attorney, 1830 Second Street, Suite 320, Rock Island, IL 61201 and Mr. Patrick W. Blegen, Attorney at Law, 53 W. Jackson, Suite 1362, Chicago, IL 60604.

      S/George F. Taseff
      Ill. Bar Number: 6180419
      Attorney for Defendant
      Assistant Federal Public Defender
      401 Main Street, Suite 1500
      Peoria, Illinois 61602
      Phone: 309/671-7891
      FAX:   309/671-7898
      Email: george_taseff@fd.org