IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 05-CR-40055 |
| ) | |
| v. ) | |
| ) | |
| DAVID MICHAEL DRISKEL, JR. and ) | |
| MELISSA MATYE, a/k/a MELISSA PAYNE, ) | |
| ) | |
| Defendants. ) | |

**AGREEMENT FOR PRETRIAL DIVERSION**

**A. INTRODUCTION**

An investigation by the Drug Enforcement Agency has determined that MELISSA MATYE, a/k/a MELISSA PAYNE (hereinafter defendant) has committed an offense against the United States, that is, she knowingly and intentionally traveled in interstate commerce, with intent to promote the carrying on of an unlawful activity, namely, a controlled substance offense under Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), all in violation of Title 18, United States Code, Section 1952.

Upon defendant's accepting responsibility for her behavior and by her signature on this Agreement, it appearing, after an investigation of this offense and defendant's background that the interest of the United States, the interest of defendant, and the interest of justice will be served by the following agreement and procedure;

**THEREFORE,** on the authority of the Attorney General of the United States, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and by Matthew J. Cannon, Assistant United States Attorney, prosecution of defendant in this District for this offense shall be



GOVERNMENT EXHIBIT A

deferred for the period of twelve (12) months from the date of this Agreement, provided that defendant abides by the following terms, conditions and requirements of the program set out below.

### B. TERMS OF THE AGREEMENT

**1. REQUEST FOR DIVERSION.** Defendant hereby requests to participate in a Pretrial Diversion Program for a period of twelve (12) months to avoid prosecution in this matter.

**2. EXECUTION OF AFFIDAVIT.** Defendant shall execute the Affidavit appended hereto as Exhibit A, in which defendant admits her involvement in the crime described in this Agreement and that she committed this crime knowingly and intentionally.

**3. STATEMENTS ARE ADMISSIBLE.** Defendant agrees that the statements made by her in the Affidavit appended hereto as Exhibit A shall be admissible on the issue of guilt in any subsequent proceeding resulting from defendant's breach of this Agreement.

**4. REVOCATION OR MODIFICATION OF SUPERVISION.** Defendant agrees that should she violate the conditions of her Pretrial Diversion Program, the United States Attorney may revoke or modify any conditions of her program or change the period of supervision, which shall in no case exceed eighteen (18) months.

**5. INITIATION OF FORMAL PROSECUTION.** Defendant further agrees that the United States Attorney may at any time within the period of defendant's supervision initiate a formal prosecution for the offense described herein should defendant violate the conditions of her Pretrial Diversion Program. Upon the initiation of such prosecution, the United States Attorney shall furnish defendant with notice specifying the conditions of supervision that defendant violated.

**6. BACKGROUND INVESTIGATION.** Defendant agrees that she will submit to a complete background investigation by the United States Probation Department (hereinafter

Probation), to include areas of information normally part of such investigations. Defendant will answer all questions posed to her by Probation in a truthful and complete manner.

    **7. WAIVER OF SPEEDY TRIAL.** Defendant asserts and certifies that she is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. Defendant also is aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the grand jury, filing an information, or bringing a defendant to trial. Defendant hereby requests the United States Attorney for the Central District of Illinois to defer such prosecution of her for violation of Title 18, United States Code, Section 1952 for a period of twelve (12) months. To induce the United States Attorney to defer such prosecution, defendant agrees and consents that any delay from the date of this Agreement to the date of initiation of the formal prosecution, as provided for in the terms expressed herein, shall be deemed to be necessary delay at defendant's request. In that regard, Defendant agrees that the time she spends in the Pretrial Diversion Program is excluded time under the Speedy Trial Act, Title 18, United States Code, Section 3161. Defendant hereby waives any defense to such prosecution on the ground that such delay operated to deny defendant's rights under Rule 48(b) of the Federal Rules of Criminal Procedure, the Speedy Trial Act and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this Agreement.

    **8. DISCHARGE OF DEFENDANT.** If, upon defendant's completion of her period of supervision, a Pretrial Diversion Program report is received by the United States Attorney to the

effect that defendant has complied with the terms and conditions of her supervision, the defendant will be discharged from any further prosecution in this matter.

### C. CONDITIONS OF PRETRIAL DIVERSION

1. Defendant shall not violate any law (federal, state and local). Defendant shall immediately contact the Probation Officer designated as her Pretrial Diversion Supervisor if arrested and/or questioned by any law enforcement officer.

2. Defendant shall attend school or work regularly at a lawful occupation or otherwise comply with the terms of any special program as might be required by her Pretrial Diversion Supervisor. In the absence of a special program, when out of work, or unable to attend school, defendant shall notify her Pretrial Diversion Supervisor at once. Defendant shall consult him/her prior to job or school changes.

3. Defendant shall continue to live in the judicial district(s) approved by her Pretrial Diversion Supervisor. If defendant intends to move her residence out of such district(s), she shall inform her Pretrial Diversion Supervisor and request permission for such change so that an appropriate transfer of program responsibility can be made.

4. Defendant shall report to her Pretrial Diversion Supervisor as directed and keep him/her informed of her whereabouts.

5. Defendant shall make good-faith efforts based upon her financial abilities, to pay restitution, if any, that remains outstanding.

6. Defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. The defendant shall, at the direction of the Pretrial

Diversion Supervisor participate in a program for substance abuse treatment including testing to determine whether the defendant has used controlled substances and/or alcohol. The defendant shall pay for these services as directed by the Pretrial Diversion Supervisor.

7. Defendant agrees to truthfully answer inquiries and follow instructions from her Pretrial Diversion Supervisor.

8. Defendant shall abide by any other terms and conditions deemed necessary by her Pretrial Diversion Supervisor to achieve the goals of the Pretrial Diversion program.

9. Defendant shall strive to achieve the desired goals of the program.

## D. CERTIFICATION

Defendant hereby states and certifies that this agreement has been read and explained to her, and that she fully understands it in its entirety. Defendant further certifies that she understands the conditions of her Pretrial Diversion Program and agrees to comply with each of these conditions.

Date: 11·18·05

MELISSA MATYE A/K/A MELISSA PAYNE
DEFENDANT

Date: 11-18-05

GEORGE F. TASEFF
ATTORNEY FOR DEFENDANT

JAN PAUL MILLER
UNITED STATES ATTORNEY

Date: 10/27/05        BY:

MATTHEW J. CANNON
ASSISTANT U.S. ATTORNEY

Date: 11/18/05

MIKE MARTENS
U.S. PROBATION OFFICER